UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America,<br>　　Plaintiff/Respondant<br><br>v.<br><br>Michael Clark Old,<br>　　Defendant/Movant | § §<br>§ §<br>§ §<br>§ §<br>§ §<br>§ | Criminal Action No. 21-732(RBW)<br>Civil Action No.: 1:24-CV-01544-RBW<br>　　　　　　　　1:21-CR-00732-RBW-1<br><br>Court of Appeals: 25-3079<br>　　　　　　　　　25-5245 |

MOTION FOR INDICATIVE RULING

COMES NOW the Defendant/Movant, Michael Clark Old ("Mr. Old"), acting in a pro se capacity, and respectfully moves for an indicative ruling on the matter of the issuance of a Certificate of Appealability ("COA") under Federal Rules of Civil Procedure 62.1. Accordingly, Mr. Old sates:

I. PERTINENT FACTUAL AND PROCEDURAL HISTORY

　　Mr. Old filed a pro se Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. §2255 ("Defendant's 2255 Motion"). ECF no. 35.

　　This Court, on June 17, 2025, denied the Defendant's 2255 Motion (Document no. 61 sealed) on a procedural basis and declined, for reasons unknown to the Defendant, to address the substantive, grievous matter in question in this case, further stating that he had not met the equitable tolling standard (Document no. 61, pp 6-7). However, thus far, this Court failed to issue or deny a COA.

II. LEGAL ANALYSIS

　　To appeal this Court's denial of the Defendant's 2255 Motion, Mr. Old was required to obtain a COA. See Section 2253(a)(1)(B) (providing that no appeal may be taken from a final order denying relief under §2255 unless the movant obtains a COA). See also <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), which is clearly this Movant's case:

> "When the District Court denies a habeas petition on procedural grounds...
> a COA should issue when the prisoner shows, at least, that juristo of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and juristo of reason would find it debatable whether the district court was correct in its procedural ruling."

　　Mr. Old asserts that whether he has pursued his rights diligently in relation to Defendant's 2255 Motion, among other things, is reasonably debatable with juristo of reason.

III. CONCLUSION

    WHEREFORE, Mr. Old asks this Court to issue an indicative ruling to the Court of Appeals indicating that this Court is inclined to issue a COA in the above styled matter.

This 13th day of August, 2025.

                                             Respectfully Submitted,

                                             */s/ Michael C. Old*

                                             Michael Clark Old
                                             #79872-509

                                             LSCI Allenwood
                                             P.O. Box 1000
                                             White Deer, PA, 17887

# CERTIFICATE OF SERVICE

CERTIFIER: MICHAEL CLARK OLD

I, the above named CERTIFIER, do hereby certify that a true and correct copy of each of the DOCUMENTS specified herein was served upon each of the following PARTIES, via U.S. pre-paid postage mail, as deposited in the prison legal mailbox*, pursuant to the penalties of perjury under 28 U.S.C. §1746.

DOCUMENTS: MOTION FOR INDICATIVE RULING

PARTIES served upon:

MATHEW M. GRAVES
U.S. Attorney

KYLE H. FITZPATRICK
U.S. Assistant Attorney

US DEPT OF JUSTICE
District of Columbia
601 D Street, NW
Washington, DC, 20539

U.S. DISTRICT COURT
For the District of Columbia
Clerk of the Court

333 Constitutional Ave, N.W.
Room 1225
Washington, DC, 20001

Executed on this date of: AUGUST 13, 2025

Respectfully,

Michael C. Old
CERTIFIER'S PRINTED NAME

CERTIFIER'S SIGNATURE

* This affirmation is intended to comply with Rule 4(c) (FRAP), with presumption of 'mailbox' rule filing under Houston v. Lack; considered filed upon inmate's delivery to prison officials for mailing (487 U.S. 266, 1988).